UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARLES MCCLINTON,

                Plaintiff,

  -against-

SUFFOLK COUNTY POLICE 3RD PRECINCT,
et. al.,

                Defendants.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 17 2014 ★
LONG ISLAND OFFICE

ORDER
12-CV-3777 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

On July 26, 2012, plaintiff filed the complaint in this action, proceeding *pro se* and asserting various claims related to his arrest and prosecution in a state criminal case. Plaintiff amended the complaint on December 17, 2012. On April 4, 2013, defendant John Halvorsen – who was plaintiff's court-appointed defense attorney in the state criminal case – moved to dismiss the claims against him. Plaintiff initially did not respond to Halvorsen's motion, despite the existence of a Court-ordered deadline. On June 13, 2013, the Court ordered plaintiff to submit a letter explaining his lack of response. By letter dated June 18, 2013, plaintiff asked the Court not to dismiss the claim against Halvorsen, though plaintiff did not explain his failure to respond to the motion, nor did he articulate any legal arguments in opposition to it. The letter repeated the general criticism of Halvorsen's representation that plaintiff had alleged in the complaint.

On October 4, 2013, the Court referred the motion to dismiss to Magistrate Judge Brown for a Report and Recommendation ("R&R"). On February 25, 2014, Magistrate Judge Brown issued the R&R, recommending that the motion to dismiss be granted, and that plaintiff be

granted leave to re-plead his claim against Halvorsen. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (See R&R dated February 25, 2014, at 10.) The same paragraph noted that a copy of the R&R was mailed to plaintiff. The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, the district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn*, 474 U.S. at 155)).

Although counsel for plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.

IT IS ORDERED that the motion to dismiss is granted, and plaintiff is granted leave to amend the complaint to include specific allegations that defendant Halvorsen conspired to violate plaintiff's civil rights. Failure to amend the complaint by April 25, 2014, will result in the dismissal of any claim against Halvorsen with prejudice for failure to prosecute.

SO ORDERED.

Dated: March 17, 2014
Central Islip, NY

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE